# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2531 | **DATE** | 8/15/2002 |
| **CASE TITLE** | Brad Lieberman vs. Timothy Budz | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter MEMORANDUM, OPINION AND ORDER: Petitioner's motion for leave to amend his habeas corpus petition [51-1] is granted. However, we dismiss said amended petition because petitioner has failed to exhaust his state court remedies with regard to the issues raised in the amended petition and has failed to present claims to this Court which concern valid violation of federal constitutional law. Respondent's motion to dismiss the habeas petition [50-1], [49-1] is granted and petitioner's motion for release on bond during the pendency of his petition for writ of habeas corpus [53-1] is denied. All other pending motions are denied as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | AUG 16 2002 | |
| | Notified counsel by telephone. | | date docketed | 60 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| TSA6 | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRAD LIEBERMAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TIMOTHY BUDZ, )<br>)<br>Defendant. ) | Case No. 00 C 2531<br><br>Judge Andersen |

# MEMORANDUM OPINION AND ORDER

This case is before the Court on the motion of petitioner Brad Lieberman for leave to file an amended petition for writ of habeas corpus, respondent's objections thereto, and respondent's motion to dismiss the petition for writ of habeas corpus. For the following reasons, we grant petitioner leave to file his amended petition for writ of habeas corpus and grant respondent's motion to dismiss the petition.

## BACKGROUND

Petitioner was convicted in 1980 of several rapes. He was serving his term of incarceration and was scheduled to be released from the custody of the Illinois Department of Corrections on January 9, 2000. On January 6, 2000, days before his scheduled entry into mandatory supervised release, the State filed, in the Circuit Court of Cook County, a petition to civilly commit petitioner under the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1, *et seq.* (1998) (the "Act").

Citing the State's petition, the Circuit Court ordered that petitioner continue to be detained. On January 10, 2000, petitioner filed a motion in the Circuit Court of Cook County to

dismiss the civil commitment petition on the ground that he is not eligible for commitment under the Act because, he maintains, his conviction of rape was not one of the crimes designated by the Illinois Legislature as a predicate sexually violent offense under Section 5(e) of the Act. 725 ILCS 207(5)(e).

On February 1, 2000, the Circuit Court entered an order denying petitioner's motion to dismiss. On February 9, 2000, the Circuit Court certified the following question for review: whether petitioner's conviction for rape is a conviction of a sexually violent offense for the purpose of a civil commitment of a sexually violent person under the Act. The Illinois Appellate Court, First District, answered that question in the negative and held that petitioner was not subject to civil commitment because he was not convicted of one of the predicate statutory offenses. The Appellate Court, therefore, reversed the Circuit Court and ordered the dismissal of the civil commitment petition against petitioner.

The State then filed a petition for leave to appeal, which the Illinois Supreme Court granted. While the case was pending with the Illinois Supreme Court, petitioner filed a § 2254 pro se petition for writ of habeas corpus in this Court on April 20, 2000. This federal habeas petition challenges the State of Illinois' revocation of his good behavior credits as a violation of his constitutional rights under the Ex Post Facto Clause of Article I, Section 10.

Also, while the case was pending at the Illinois Supreme Court, petitioner filed an "Emergency Motion for Release Pending Petition for Review" with the Illinois Appellate Court on March 29, 2001. In that motion, petitioner raises the fact that he "is being detained despite the fact that he has not had a probable cause hearing as required by the Act." This motion was denied by the Illinois Appellate Court on April 5, 2001.

On June 22, 2001, Petitioner filed an emergency petition for writ of habeas corpus in the Circuit Court of Cook County. In that petition, petitioner argued that he should be released because his detention in the absence of a probable cause hearing violated the Act and his right to due process. On July 30, 2001, the Circuit Court denied his petition.

On August 23, 2001, petitioner filed a motion for release during the pendency of appeal in the Illinois Supreme Court. In that motion, petitioner contended that he should be released because his ongoing detention in the absence of a probable cause hearing violated the Act's requirements. The Illinois Supreme Court denied this motion on September 18, 2001.

On July 2, 2002, the Illinois Supreme Court reversed the Appellate Court and held that the crime of rape constitutes a sexually violent offense under the Act and, thus, petitioner could satisfy the definition of a "sexually violent person" in Section 5(f) of the Act. The Illinois Supreme Court remanded "this case to the Circuit Court of Cook County for further proceedings consistent with this opinion."

In his original habeas petition filed in this Court on April 20, 2000, petitioner argues that his ex post facto rights were violated when the Illinois Supreme Court changed its procedures related to the awarding of good-time credit for prisoners. On January 11, 2002, respondent filed a motion to dismiss the habeas petition. On January 16, 2002, petitioner, through new counsel, filed a motion for leave to amend the habeas petition. In the amended habeas petition, petitioner seeks to add a variety of claims relating to alleged due process, Fourth Amendment and Sixth Amendment violations relating to the State's failure to hold a probable cause hearing as required under the Sexually Violent Persons Commitment Act.

## DISCUSSION

I. <u>The Original Petition</u>

On April 20, 2000, petitioner filed the instant habeas petition in this Court, which alleges that "the retroactive cancellation of the availability of good time credits violated the Ex Post [F]acto Clause of the Federal Constitution, Article I, § 10."

On December 3, 1998, in one of his previous federal habeas filings, petitioner filed a petition for writ of habeas corpus in the United States District Court for the Southern District of Illinois, in which he challenged the State's revocation of his good behavior credits as a violation of his constitutional rights under the Ex Post Facto Clause of Article I, Section 10. On December 17, 1999, that petition was denied on its merits by Chief Judge J. Phil Gilbert and that decision was later affirmed on appeal by the United States Court of Appeals for the Seventh Circuit.

Under the AEDPA, Congress promulgated strict limitations on filing second or successive habeas corpus actions. Section 2244(b)(1) provides that a "claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." Section 2244(b)(3)(A) provides that "[b]efore a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

The claim presented in the present habeas petition is the same claim which was previously presented in another section 2254 habeas petition brought by petitioner, which was adjudicated on the merits in the Southern District of Illinois. In both habeas petitions, petitioner

argues that his ex post facto rights were violated when the Illinois Supreme Court changed its procedures related to the awarding of good time credit for prisoners.

Accordingly, in order to file in this Court a petition containing a claim previously raised in a prior petition, petitioner was required to obtain leave from the Seventh Circuit Court of Appeals. 28 U.S.C. 2244(b)(3)(A). *See also Burris v. Parke*, 130 F.3d 782, 785 (7th Cir. 1997); *Brannigan v. United States*, 249 F.3d 584, 589 (7th Cir. 2001). In this case, petitioner did not seek leave from the Seventh Circuit to file, in this Court, a second or successive petition containing the same claim that was dismissed by Judge Gilbert in the Southern District. Pursuant to Sections 2244(b)(1) and 2244(b)(3)(A), this petition is a second or successive petition which should be dismissed.

II. <u>The Amended Petition</u>

In asking this Court for leave to file an amended habeas petition, however, petitioner has muddied the waters a bit.

In his amended petition for habeas corpus, petitioner argues that his continued detention violates his constitutional right to due process because he has never received a probable cause hearing or a trial as required by the Sexually Violent Persons Commitment Act and the Constitution. Petitioner raises the following claims in his amended petition:

> \* Whether the State violated petitioner's constitutional rights under the Due Process Clause by: 1) denying him a probable cause hearing; 2) preventing him from cross-examining adverse witnesses; 3) preventing him from presenting arguments and evidence orally through witnesses; 4) failing to justify his initial confinement under the Act by clear and convincing evidence; and 5) failing to afford him a trial at which his eligibility for civil commitment would be proven beyond a reasonable doubt.

5

\*Whether the State violated petitioner's due process and Sixth Amendment rights by failing to afford him the opportunity to contest the civil commitment petition with the assistance of a lawyer.

\* Whether the State violated petitioner's right under the Fourth Amendment to be free from unreasonable seizure by denying him a probable cause hearing.

### A. Leave To Amend Should Be Freely Given

The first issue to consider is whether we should grant petitioner leave to file his amended habeas petition. We believe that petitioner should be given leave to file his amended habeas petition for several reasons.

First, this is a motion to amend a petition before judgment. "AEDPA allows every prisoner one full opportunity to seek collateral review. Part of that opportunity–part of every civil case– is an entitlement to add or drop issues while the litigation proceeds." *Johnson v. United States,* 196 F.3d 802, 805 (7th Cir. 1999). Moreover, petitioner's original petition filed in this Court on April 20, 2000 was filed pro se. Now, petitioner has lawyers representing him who have moved to file an amended petition for habeas corpus. When dealing with pro se petitioners, leave to amend should be freely given. Thus, we will grant petitioner leave to file his amended habeas petition, and we will proceed to analyze the claims contained therein.

### B. Is It A Second Or Successive Petition ?

Respondent first argues that the amended petition should be dismissed because it is a second or successive petition which contains new claims. Respondent argues that petitioner is not allowed to file such a successive petition unless he has first secured permission to do so from the Seventh Circuit. We find this argument is without merit.

28 U.S.C. § 2244(b)(2) provides, in relevant part, that:

6

> A claim presented in a second or successive habeas corpus application under 2254 that was not presented in a prior application shall be dismissed unless . . . (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

In applying the provisions of AEDPA's § 2244(b)(2), the federal courts have clarified that the term "second or successive habeas corpus application" encompasses only habeas applications that "assert claims that were ripe at the time of the petitioner's original habeas application." *Nguyen v. Gibson*, 162 F.3d 600, 604 (10th Cir. 1998). Thus, a prisoner is allowed "to assert a claim in a 'second or successive' petition that was not available at the time of the original petition." *Id.*

In *United States v. Orozco-Ramirez*, 211 F.3d 869 (5th Cir. 2000), the Fifth Circuit decided whether plaintiff's filing of a second habeas petition relating to his counsel's performance during his appeal was an impermissible "second or successive" petition. The court held that "[t]he facts underlying [petitioner's] claim did not occur until after Orozco-Ramirez filed his initial habeas motion." *Id.* at 869. Therefore, the court noted that petitioner's second habeas claim's factual predicate accrued after his initial habeas motion's adjudication and could not have been raised therein. *Id.* "We conclude then that this claim is not 'second or successive' under AEDPA, because 'to hold otherwise . . . would bar the prisoner from ever obtaining federal habeas review' on this ground." *Id.* (quoting *Stewart v. Martinez-Villareal*, 523 U.S. 637, 645 (1988).

7

Moreover, in *In re Cain*, the Fifth Circuit determined whether a challenge to a disciplinary proceeding that stripped the petitioner of his good-time credits, following a prior habeas petition, is a "second or successive" petition requiring appellate leave to file under 28 U.S.C. § 2244(b)(3). 137 F.3d at 234. In answering the question in the negative, the court held that "Cain's current petitions do not present claims that were or could have been raised in his earlier petitions." *Id.* at 236. Accordingly, Cain's second habeas application was not "second or successive" in a sense that constituted an abuse of the writ. *Id.*

In this case, we are allowing petitioner to file his amended petition. Thus, we consider the petition filed in the Southern District to be the original petition for purposes of this analysis. That being the case, no measure of diligence would have enabled the factual predicate for petitioner's amended petition to be discovered at the time of his prior habeas petition. Petitioner's Southern District petition, filed before he was detained under Illinois' Sexually Violent Persons Commitment Act, was denied by Chief Judge Gilbert on December 17, 1999. The factual predicate of petitioner's amended petition, focusing on the constitutionality of the procedures used to detain him under the Act, first arose pursuant to a January 6, 2000 commitment petition and a detention order entered by the Circuit Court of Cook County that same day. Therefore, since it did not exist at the time of the Southern District's decision on the petition, petitioner's current amended petition is not "second or successive" to his earlier Southern District petition.

Moreover, in his amended petition before this Court, there are no issues raised in the amended petition which have been previously raised in any other federal habeas petition. The issues pertaining to the revocation of good-time credits are not in the amended petition. Rather,

8

the amended petition contains only claims regarding alleged violations of petitioner's rights in connection with his civil confinement under the Act. Thus, this is not a "second or successive" petition.

Additionally, the facts and claims underlying petitioner's amended petition, if proven to be true, could be sufficient to establish by clear and convincing evidence that he never received his statutory and constitutional right to due process. The facts could demonstrate that, but for the alleged constitutional error, resulting in the State's infringement of petitioner's constitutional rights, no reasonable fact finder would have found him eligible for civil commitment by clear and convincing evidence. Thus, in accord with § 2244(b)(2) and to ensure his opportunity for federal court review of his constitutional claims, petitioner's amended petition is not dismissed as "second or successive."

### C. Exhaustion Of Remedies

Respondent next argues that the amended petition should be dismissed because petitioner has failed to exhaust his state remedies prior to filing this amended habeas petition. It is well-settled that, before a federal court can entertain a petition for writ of habeas corpus, a state prisoner must exhaust his state remedies by presenting his claims fully and fairly to the state courts. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999).

Petitioner has not met this obligation with respect to the claims contained in the amended habeas petition. Although petitioner claims that he has exhausted his available state remedies by including these claims in certain motions for release pending appeal, and that he has preserved those issues for federal review by means of the same procedure, we find that not to be the case.

The *Boerckel* court held that, in order to exhaust state court remedies, a habeas petitioner

9

"must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Boerckel*, 119 S.Ct. at 1732. Even with the most liberal reading of *Boerckel*, filing a motion for release pending appeal is not part of Illinois' established appellate review process. Moreover, with the exception of the 72 hour probable cause hearing requirement, it does not appear that any of these motions for release even touched upon the claims contained in petitioner's amended habeas petition. Moreover, inasmuch as those claims were raised, to some extent, in petitioner's Cook County habeas petition, it appears that petitioner has not yet appealed that decision.

In sum, we grant respondent's motion to dismiss the amended habeas petition because the claims that petitioner attempts to raise in his amended petition, with the exception of the 72 hour probable cause hearing issue, have not been exhausted.

### D. The Probable Cause Hearing Issue

However, there is one issue which may have been exhausted, albeit in an unorthodox way. It appears that petitioner has raised the issue of his failure to receive a probable cause hearing within 72 hours for "one complete round" in the state courts. He raised this issue in his state habeas petition filed in the Circuit Court of Cook County filed on June 22, 2002. Moreover, he raised this issue in his emergency motion for release pending petition for review filed in the Illinois Appellate Court filed on March 29, 2001. Finally, he raised it before the Illinois Supreme Court in his August 23, 2001 motion for release during pendency of appeal. Therefore, it may be viewed that he has given the state courts a "fair or reasonable" opportunity to consider the substance of the habeas claim.

The essence of petitioner's claim relating to the probable cause hearing is that his due process rights have been violated by his failure to receive a probable cause hearing within 72 hours, as is required under the Act. The Act provides, in relevant part:

> Whenever a petition is filed under Section 15 of this Act, the court shall hold a hearing to determine whether there is probable cause to believe that the person named in the petition is a sexually violent person. If the person named in the petition is in custody, the court shall hold the probable cause hearing within 72 hours after the petition is filed, excluding Saturdays, Sundays and legal holidays. The court may grant a continuance of the probable cause hearing for no more than 7 additional days upon the motion of the respondent, for good cause.

725 ILCS 207/30(b).

Petitioner claims that the circuit court exceeded its authority under the Act by ordering petitioner's indefinite detention without the benefit of a probable cause hearing. Since petitioner was in custody at the time the State filed its petition for his civil commitment, the State had 72 hours to hold a probable cause hearing, excluding Saturdays, Sundays and legal holidays. The State filed its civil commitment petition on January 6, 2000. Petitioner has yet to receive a probable cause hearing on that petition.

This claim involves a purported violation of the procedures governing the application and initiation of the Illinois Sexually Violent Persons Commitment Act proceedings in state court and under state law. It is axiomatic that "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers,* 497 U.S. 764, 780 (1990). "It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire,* 112 S.Ct. 475, 480 (1991).

11

Moreover, petitioner's reference, alone, to a purported due process violation cannot serve to transform this question of state law into questions of federal constitutional magnitude. *See Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996). We must accept a state court's interpretation of state law, and alleged errors committed in the application of state law are not cognizable in a federal habeas petition. *Id.* at 1389. In this case, this issue has been before the state courts and the state courts have not found that this statutory provision has been violated.

We thus turn to the question whether the failure to hold a probable cause hearing within 72 hours violated petitioner's federal constitutional rights. We find that petitioner is not entitled to habeas relief on this issue. The mere fact that the probable cause hearing was not held within 72 hours does not establish a due process violation. In this case, petitioner filed a motion to dismiss the civil commitment petition on January 10, 2000, within the 72 hour period. Petitioner elected to proceed this way without the probable cause hearing by filing a motion to dismiss the civil commitment petition arguing that the offense of rape is not included in the statutory definition of included offenses. He cannot convince us that his due process rights have been violated because he elected to attempt to have the civil commitment petition dismissed. The motion to dismiss was briefed and argued extensively, making its way to the Illinois Supreme Court, which ultimately denied it. The Illinois Supreme Court then remanded the case to the Circuit Court of Cook County "for further proceedings consistent with this opinion." Thus, now that the case is back before the Circuit Court, presumably they will hold hearings consistent with the Act.

For all of these reasons, we find that petitioner is not entitled to federal habeas relief on this issue.

## CONCLUSION

For the foregoing reasons, petitioner's motion for leave to amend his habeas corpus petition is granted. However, we dismiss said amended petition because petitioner has failed to exhaust his state court remedies with regard to the issues raised in the amended petition and has failed to present claims to this Court which concern valid violations of federal constitutional law. Respondent's motion to dismiss the habeas petition (#50, #49) is granted and petitioner's motion for release on bond during the pendency of his petition for writ of habeas corpus (# 53-1) is denied. All other pending motions are denied as moot.

_/s/ Wayne R. Andersen_
Wayne R. Andersen
United States District Court

Dated: _August 15, 2002_