IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRAD LIEBERMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 00 C 2531 |
| v. | ) | |
| | ) | Wayne R. Andersen |
| TIMOTHY BUDZ, | ) | District Judge |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on the second amended petition of Brad Lieberman for a writ of habeas corpus. For the following reasons, we deny the petition for habeas corpus.

## BACKGROUND

Petitioner Brad Lieberman was convicted of numerous rapes in Cook and Lake Counties in the early 1980's and served a twenty-year sentence in the Illinois Department of Corrections for those crimes. Lieberman was scheduled for release from the Illinois Department of Corrections on January 9, 2000. On January 5, 2000, the People of the State of Illinois filed, in the Circuit Court of Cook County, a petition to civilly commit Lieberman under the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 201, *et seq.* ("the Act"). That Court ordered that Lieberman continue to be detained in state custody.

On January 10, 2000, Lieberman filed a motion to dismiss the petition with the Circuit Court. In his motion to dismiss, Lieberman claimed that he was not eligible for civil commitment under the Act because the offense of rape, for which he was convicted, was not included in the list of crimes specified by the Illinois General Assembly as a predicate sexually

violent offense under section 5(e) of the Act. 725 ILCS 207(5)(e). The Circuit Court heard oral argument on the motion to dismiss and took the matter under advisement. On January 19, 2000, Lieberman requested both to be released from civil custody pursuant to the terms of his mandatory release and that the detention order be vacated while the court considered his motion to dismiss. The Circuit Court denied Lieberman's request for release and subsequently denied his motion to dismiss on February 1, 2000.

On February 4, 2000, Lieberman filed a motion to certify his challenge to his civil commitment under the Act for interlocutory appeal under Illinois Supreme Court Rule 308(a). The Circuit Court granted the certification motion on February 9, 2000. The Circuit Court certified the following question for review: whether Lieberman's conviction for rape is a conviction of a sexually violent offense for the purpose of a civil commitment of a sexually violent person under the Act. On appeal, the Illinois Appellate Court held that Lieberman was not subject to civil commitment because he was not convicted of one of the predicate statutory offenses.

The State subsequently filed a petition for leave to appeal, which the Illinois Supreme Court granted. While the case was pending with the Illinois Supreme Court, Lieberman filed a § 2254 pro se petition for writ of habeas corpus in this Court on April 20, 2000. This federal habeas petition challenged the State's revocation of his good behavior credits as a violation of his constitutional rights under the Ex Post Facto Clause of Article I, Section 10.
Lieberman also filed an "Emergency Motion for Release Pending Petition for Review" with the Illinois Appellate Court on March 29, 2001. In that motion, Lieberman raised the fact that he "is

2

being detained despite the fact that he has not had a probable cause hearing required by the Act." This motion was denied by the Illinois Appellate Court on April 5, 2001.

On June 22, 2001, Lieberman filed an emergency petition for writ of habeas corpus in the Circuit Court of Cook County. In that petition, Lieberman argued that he should be released because his detention, in the absence of a probable cause hearing, violated the Act and his rights to due process. On July 30, 2001, the Circuit Court denied his petition.

On August 23, 2001, Lieberman filed a motion for release during the pendency of appeal in the Illinois Supreme Court. In that motion Lieberman contended that he should be released because his ongoing detention in the absence of a probable cause hearing violated the Act's requirements. The Illinois Supreme Court denied this motion on September 18, 2001.

On July 3, 2002, the Illinois Supreme Court reversed the Appellate Court's decision and held that Lieberman was subject to civil commitment under the Act. The Illinois Supreme Court denied Lieberman's motion to dismiss the civil commitment petition and "remanded this case to the Circuit Court of Cook County for further proceedings consistent with this opinion."

In his original habeas petition filed in this Court on April 20, 2000, Lieberman argued that his ex post facto rights were violated when the Illinois Supreme Court changed its procedures related to the awarding of good-time credit for prisoners. On January 11, 2002, the State filed a motion to dismiss the habeas petition. On January 16, 2002, Lieberman filed an amended petition for habeas corpus relief before this Court pursuant to 28 U.S.C. § 2254. After finding that Lieberman's petition contained both exhausted and unexhausted claims, this Court, on August 15, 2002, dismissed Lieberman's unexhausted state claims and denied relief on the merits of his exhausted claim. On appeal, the Seventh Circuit held that this Court should not

have dismissed Lieberman's unexhausted claims but instead should have stayed Lieberman's petition pending exhaustion of all of his claims in state court. The Seventh Circuit then remanded the case for reconsideration pending final resolution of Lieberman's unexhausted claims.

On October 28, 2003, Lieberman filed a second amended petition for writ of habeas corpus which is currently before this Court. Lieberman has voluntarily dismissed the unexhausted claims in his previous habeas petitions. Therefore, the sole issue before this Court is whether we should grant Lieberman's habeas petition on the grounds that the State violated his constitutional rights under the Fourteenth Amendment's Due Process Clause by denying him a probable cause hearing within 72 hours of his commitment as required under the Act at 725 ILCS 207/30(b).

On February 10, 2005, the Circuit Court held a probable cause hearing and determined that probable cause exists to commit Lieberman under the Act.

## DISCUSSION

Before a federal court may review the merits of a habeas petition, a petitioner must: (1) exhaust all remedies available in state courts; and (2) fairly present any federal claims in state court first, or risk procedural default.

In this case, exhaustion is not an issue. Lieberman has voluntarily dismissed all of his unexhausted claims and only the exhausted claim regarding the state court's failure to hold the probable cause hearing within 72 hours remains for this Court's resolution. Furthermore, Respondent concedes that Lieberman has exhausted his state court remedies on this issue for

purposes of federal habeas review because he has no further avenues in state court through which to challenge his commitment. Thus, we now turn to the issue of procedural default.

The procedural default hurdle forbids the federal courts from addressing federal claims that were not fairly presented to the state courts. *Jones v. Washington*, 15 F.3d 671, 675 (7th Cir. 1994). Procedural default occurs either when a state court has declined to address a federal claim because the petitioner failed to satisfy an independent state procedural requirement, *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991), or when the petitioner fails to present a federal claim to the state courts at the time, and in the way, required by the state. *Hogan v. McBride*, 74 F.3d 144, 146 (7th Cir. 1996). In Illinois, a habeas petitioner is required to raise all arguments before the Illinois Supreme Court, even though the Court has discretionary control over its docket. *O'Sullivan v. Boerckel*, 526 U.S. 838, 843 (1999).

In this case, Respondent contends that Lieberman has procedurally defaulted the claim raised in his second amended habeas petition. Specifically, Respondent argues that "petitioner is not entitled to habeas relief because he did not fairly present this claim to the state courts as a federal constitutional violation." Respondent's Answer at p. 10.

It is well settled law in Illinois that a habeas petitioner must provide the state courts with a fair opportunity to apply constitutional principles and correct any constitutional error committed by the trial court. *United States v. Fairman*, 731 F.2d 450, 453 (7th Cir. 1984). This consideration requires that a habeas petitioner give state courts a meaningful opportunity to pass upon the substance of the claims petitioner later presents in federal court. To satisfy that requirement, a petitioner must present both the operative facts and the legal principles that control each claim to the state judiciary. *Wilson v. Briley*, 243 F.3d 325, 327 (7th Cir. 2001).

5

While it is not necessary for the petitioner to cite book and verse on the federal constitution, *Picard v. Connor*, 404 U.S. 270, 278 (1971), it is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made. *Anderson v. Harless*, 459 U.S. 4, 5 (1982). In determining whether a petition has fairly presented a federal constitutional claim to the state judiciary, we must review the following factors: 1) whether the petitioner relied on federal cases that engage in a constitutional analysis; 2) whether the petitioner relied on state cases which apply a constitutional analysis to similar facts; 3) whether the petitioner framed the claim in terms so particular as to call to mind a specific constitutional right; and 4) whether the petitioner alleged a pattern of facts that is well within the mainstream of constitutional litigation. *Sullivan v. Fairman*, 731 F.2d 450, 454 (7th Cir. 1984). These factors attempt to ascertain whether the state court was sufficiently alerted to the federal constitutional nature of the issue so as to allow the state court to resolve it. *Ellsworth v. Levenhagen*, 248 F.3d 634, 639 (7th Cir. 2001).

Upon review of these four factors, we hold that Lieberman's habeas claim is procedurally defaulted for a failure to properly permit the state court to resolve the federal constitutional issue now before this court. First, Lieberman failed to rely on any federal constitutional law in either his state court pleadings or briefs. Rather, Lieberman relied solely upon state law theories of legislative intent and statutory construction, with supplemental citations to state cases. Second, none of the state cases that Lieberman has relied on include any constitutional analysis comparable to a constitutional speedy trial analysis. As described above the state cases solely focus on legislative interpretation and statutory construction.

Third, rather than specifically detailing any constitutional violation, Lieberman's state court pleadings vaguely mention concern with a potential violation of the 72-hour provision of the Sexually Violent Person's Commitment Act. In no way does he frame that concern as a violation of his constitutional rights-- rather he expresses concern over a potential violation of the statute itself.

Finally, in his state court pleadings, Lieberman did not set forth a pattern of facts within the mainstream of constitutional litigation. This fact becomes clear due to Lieberman's sole reliance on, and invocation of, state law. Thus, Lieberman has failed to phrase the federal constitutional issue in the state courts in a manner which would have signaled a constitutional violation and allowed the state courts to resolve the issue. Although Lieberman "may have planted the seeds of his argument, he never fully presented the substance of the claim that formed the basis of his alleged constitutional deprivation." *United States ex rel. Spurlak v. Wolff*, 699 F.2d 354 (1983). Thus, Lieberman never fairly presented the issue in the state courts as one involving his federal constitutional rights, and this claim is procedurally defaulted.

We reach this conclusion notwithstanding the comments in our August 15, 2002 Opinion. In our previous Opinion, we noted that this claim "may have been exhausted and that "it may be viewed that he has given the state courts a 'fair or reasonable' opportunity to consider the substance of [this] habeas claim." However, upon reflection, we find that Lieberman did not raise this issue as a federal constitutional law issue in the state court proceedings, as recent case law has made clear is required in order to fairly present a federal constitutional claim to the state courts. *See, e.g., Harding v. Sternes*, 380 F.3d 1034, 1047 (7th Cir. 2004). Therefore, we find that this issue is procedurally defaulted.

## MERITS OF THE CLAIM

Even though we have determined that Lieberman has procedurally defaulted on his claim, even if we were to reach the merits, the habeas petition would still be denied because it is a state law issue not cognizable under federal habeas review and Lieberman failed to provide the court with any federal precedent regarding this claim.

The essence of Lieberman's claim relating to the probable cause hearing is that his Fourteenth Amendment due process rights have been violated by his failure to receive a probable cause hearing within 72 hours, as is required by the Act. The Act provides in relevant part:

> Whenever a petition is filed under section 15 of this Act, the court shall hold a hearing to determine whether there is probable cause to believe that the person named in the petition is a sexually violent person. If the person named in the petition is in custody, the court shall hold the probable cause hearing within 72 hours after the petition is filed, excluding Saturdays, Sundays, and legal holidays. The court may grant a continuance of the probable cause hearing for no more than 7 additional days upon the motion of the respondent, for good cause. 725 ILCS 207/30(b).

Lieberman claims that his due process rights were violated since he was in custody at the time the State filed its petition for his civil commitment and the State, therefore, had 72 hours to hold a probable cause hearing, excluding Saturdays, Sundays and legal holidays.

Lieberman's claim involves a purported violation of the procedures governing the application and initiation of the Illinois Sexually Violent Persons Commitment Act proceedings in state court and under state law. It is axiomatic that "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). "It is not the province of a federal habeas court to re-examine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the

8

Constitution, law or treaties of the United States." *Estelle v. McGuire*, 112 S.Ct. 475, 480 (1991). We must accept a state's court's interpretation of state law, and alleged errors committed in the application of state law are not cognizable in a federal habeas petition. *Id.* at 1389. In this case, the issue has been before the state courts and the state courts have found that this statutory provision has not been violated. It is not within our province to second-guess this type of state court decision.

Furthermore, the Illinois Appellate Court held that a purported violation of the 72-hour statute of limitations cannot serve as cause for discharge from temporary detention. Instead, the trial court's detention order against Lieberman remained in effect until he was either discharged or committed. Lieberman has now been committed. Moreover, the Illinois Appellate Court held that, as a matter of state law, the 72-hour period was tolled when Lieberman sought relief via an interlocutory appeal. Although the state had been prepared to conduct the necessary probable cause hearing, it was Lieberman's actions that delayed the hearing for over four years. In this case, the issue has been before the state courts and the state courts have found that this statutory provision has not been violated. It is not within our province to second-guess this type of state court decision.

We next turn to the question of whether the failure to hold a probable cause hearing within 72 hours violated Lieberman's federal constitutional rights. We find that Lieberman is not entitled to habeas relief on this issue. Lieberman did not present this claim to the state courts as a federal constitutional claim. Lieberman's reference alone, in this Court, to a purported due process violation cannot serve to transform this question of state law into a question of federal constitutional magnitude. *See Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996). In his

second amended petition, Lieberman merely refers to his federal due process rights. He provides the court with no precedential authority regarding his due process claim.

Moreover, the mere fact that the probable cause hearing was not held within 72 hours does not establish a due process violation. In this case, the State filed its civil commitment petition on January 5, 2000. Lieberman filed a motion to dismiss the civil commitment petition on January 10, 2000, which prevented the probable cause hearing from being held within 72 hours. The motion to dismiss was briefed and argued extensively, making its way to the Illinois Supreme Court, which ultimately denied Lieberman's motion to dismiss. The Illinois Supreme Court then remanded the case to the Circuit Court of Cook County "for further proceedings consistent with this opinion." The Circuit Court held the probable cause hearing on February 10, 2005. In short, it was Lieberman's own act of filing the motion to dismiss that prevented the probable cause hearing from being held within 72 hours.

For these reasons, we find that the Lieberman is not entitled to federal habeas relief on this issue.

## CONCLUSION

For the foregoing reasons, we deny the petition for writ of habeas corpus brought by Petitioner Brad Lieberman. This is a final and appealable order. This case is terminated.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: April 28, 2005